[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15332
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cv-00050-LGW-JEG


SUNTRUST BANK,

Plaintiff-Appellee,

versus

RAYMOND HARRIS, SR.,
MARY C. HARRIS,

Defendants-Appellants.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 7, 2012)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

This case began in the Magistrate Court of Glynn County, Georgia, when Suntrust Bank sought two dispossessory warrants as the result of the foreclosure sales of two properties owned by Raymond and Mary Harris.  The Harrises responded by removing the case to the United States District Court for the Southern District of Georgia and seeking a stay of eviction.  Suntrust moved the District Court to remand the case, since the Magistrate Judge had already granted Suntrust the warrants it had requested.  The District Court granted the motion and remanded the case to the Magistrate Court on the ground that the Harrises failed to allege facts supporting federal jurisdiction and the court therefore lacked the authority to review the final state court decision.  Order dated August 4, 2011.  The District Court then awarded Suntrust the "costs and attorney's fees" it incurred as a result of the Harrises' groundless removal of the case.  Id.

On August 6, 2011, the Harrises filed with the District Court a notice that they were appealing the August 4 order to the "Court of Appeals of Georgia."[1]  Then, on August 15, 2011, the Harrises moved the District Court to vacate its August 4 order.

---

[1]  The notice of appeal is styled "Motion for Reconsideration and the Right to Appeal to the 11th Circuit."  It states that "Notice is given that Defendants . . . appeal[ ] to the Court of Appeals of Georgia from the judgment of the Trial Court entered on the August 4, 2011, as anticipated."

2

The appeal of the August 4 remand order to the Court of Appeals of Georgia somehow wound up in this court, and, on October 7, 2011, this court dismissed the appeal because the remand order was not final and appealable. *See* 28 U.S.C. § 1447(c) and (d). Then, on October 28, 2011, the District Court entered an order stating that the case had been closed since the issuance of the remand order on August 4, and that the case would not be reopened. The Harrises timely appealed the October 28 order.

The October 28 order did nothing more than recite that the Harrises had filed several motions following the issuance of the remand order on August 4, including the August 15 motion to vacate that order, and state that the case had been "closed." Because the court was treating the case as closed, it did not rule on the motion to vacate. The question for us is whether to vacate the October 28 order and remand the case with the instruction that the District Court rule on the August 15 motion to vacate. The August 15 motion to vacate is patently baseless. A remand would result in the denial of the motion, and perhaps another appeal. Rather than putting the parties through the additional expense this would entail, we choose to end the matter here and affirm the October 28 order.

AFFIRMED.

3